[L. A. No. 8242. In Bank.—March 28, 1927.]

ROBERT R. FORBELL, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Defendants; A. B. WATSON, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES — INSTRUCTIONS — QUESTION FOR JURY.—In an action for damages for personal injuries received by a passenger of an automobile bus in a collision between the bus and an electric car at a public highway crossing, where there was evidence tending to show that the driver of the bus stopped a short distance from the tracks of the railway and looked to the right and left before attempting to cross said tracks, and the driver and a passenger testified that they were unable, after glancing to the right and left, to see the approaching car of the defendant's electric railway, it was error for the

trial court to instruct the jury, as a matter of law, that the driver of the bus was negligent, and the question of fact should have been submitted to the jury.

(1) 10 C. J., p. 1077, n. 40 New.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.   Reversed.

The facts are stated in the opinion of the court.

Sarau & Thompson, Clyde Bishop and B. P. Gibbs for Appellants.

E. B. Drake for Respondent.

THE COURT.—This appeal was placed upon a special calendar of this court upon an order to the respondent to show cause why the judgment herein should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of said cause upon said calendar, and the entry of said order, it appeared that the appellant's brief had been filed herein, but that no brief on behalf of the respondent had been filed, although the time for the filing of such brief under the rules of this court had long since expired.   It appears that the respondent has sold and assigned the judgment recovered herein to the First National Bank of Santa Ana, California.   Upon the calling of said calendar neither the respondent nor his assignee appeared and the order to show cause was thereupon submitted. This is an appeal by the defendant Watson from a judgment entered by the superior court of the county of Los Angeles in favor of the plaintiff, Robert E. Forbell, in an action instituted to recover damages for personal injuries sustained in a collision between an electric car of the defendant Pacific Electric Railway Company and a bus operated by an employee and servant of said appellant Watson.   At the time of the collision, which occurred at a point where the defendant Electric Company's line intersects a public road or highway, the injured person was a passenger in the bus of the appellant.   After trial of the cause the lower court instructed the jury, as a matter of law, that the ''defendant Watson is liable in the case, because the bus driver was

guilty of negligence. . . . So that . . . regardless of whether the Pacific Electric Railway is liable or not, the defendant Watson is.'' The court then went on to instruct, however, that it was the province of the jury to determine whether the servants of the defendant Electric Railway Company were also negligent in the operation of its car.

[1] It is contended by the appellant that the trial court erred in giving an instruction that he was "absolutely liable" because of the asserted negligence of the bus driver. We are of the opinion that this contention is meritorious. An examination of the record discloses that there is ample evidence therein tending to show that the driver of the bus stopped a short distance from the tracks of the railway and looked to the right and left before attempting to cross said tracks. The driver of the bus and a passenger sitting directly behind him both testified that they were unable, after glancing to the right and left, to see the approaching car of the defendant Electric Railway Company. In fact, the plaintiff himself testified that he was sitting on the second from the rear seat of the bus and that he did not see the approaching car until the position of the bus placed him practically on a direct line therewith, thus tending to indicate that the electric car was not discernible until the bus was well upon the tracks of the defendant Railway Company. In view of this evidence we are of the opinion that the question of fact as to the bus driver's negligence should have been submitted to the jury, and it was error for the trial court to instruct, as a matter of law, that the bus driver was negligent. The instruction complained of finds no support in the case of *Billig* v. *Southern Pacific Co.*, 192 Cal. 357 [219 Pac. 992], apparently relied on by the trial court in giving the same, for the circumstances in that case differed in that the automobile truck driver therein *failed* to "stop, look and listen" before venturing across the railroad tracks. We are not to be understood as holding, however, that the driver of the bus in the instant case was not negligent. Our conclusion is merely that this question should have been submitted to the jury. The two other grounds urged by the appellant may not properly be considered on this appeal.

For the foregoing reasons the judgment appealed from in so far as it affects the appellant Watson is hereby reversed.